Stephen McCarthy, OSB # 894152
HITT HILLER MONFILS WILLIAMS LLP
411 SW 2nd Ave Ste 400
Portland, OR 97204
v: 503.243.2957
e: smccarthy@hittandhiller.com

Mark S. Hubert, OSB # 982561
MARK S. HUBERT, PC
938 NE Shore Line Rd
Prineville, OR 97754
v: 503.312.0318
e: markhubert@pacifier.com

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| PIZZA PACK LLC,<br>An Oregon Limited Liability Company,<br><br>*Plaintiff,*<br>vs.<br><br>TARGET CORPORATION, A Minnesota Corporation,<br><br>*Defendant.* | Case No. **3:24-CV-01764-AB**<br><br>**FIRST AMENDED COMPLAINT**<br><br>**Patent Infringement 35 U.S.C. § 271<br>Trade Dress 15 U.S.C. §1125(a)<br>Misappropriation/Unjust Enrichment<br>ORS 646.608 (Unlawful Business Practices)**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff, Pizza Pack LLC (hereinafter, "Plaintiff"), by and through its undersigned counsel, for its Complaint against Defendant Target Corporation (hereinafter, "Defendant"), alleges the following. Allegations made on belief are premised on the belief that the same are likely to have evidentiary support after a reasonable opportunity for further investigation and discovery.

Page 1 – FIRST AMENDED COMPLAINT

## NATURE OF THE ACTION

1.a.

This is an action in law and for patent infringement and trade dress infringement asserting that Defendant's various "Pizza Packs" infringe at least one of Plaintiff's following patents:

- U.S. Patent No. 11,661,260 entitled "Expandable Pizza Container" (*Exhibit 1*)
- U.S. Patent No. 11,738,935 entitled "Expandable Pizza Container" (*Exhibit 2*)
- U.S. Patent No. D1,034,109 entitled "Expandable Pizza Container" (*Exhibit 3*)

1.b

This is an action in law and for trade dress infringement asserting that Defendant's various "Pizza Packs" infringe Plaintiff's trade dress.

1.c

This is an action in law for Trade Dress asserting that Defendant provided and sold goods that adopted a particular dress, design and combination of features, so as to imitate Plaintiff's trade dress in such a way as to be confusingly similar to Plaintiff's Pizza Pack and mislead the consumer.

1.d

This is an action in law and equity for unjust enrichment and misappropriation asserting that Defendant has benefitted from its copying, advertisement and sales of Plaintiff's patented pizza storage container.

1.e

This is an action in law for Defendant's violation of Oregon's Unlawful Business, Trade Practices Act as set forth in ORS 646.608 asserting that Defendant passing off its goods or services as the goods or services of Plaintiff; causing likelihood of confusion or of

misunderstanding as to the source, sponsorship or approval, of Plaintiff's goods; and of causing likelihood of confusion or of misunderstanding as to affiliation, connection, or association with, or certification by, Plaintiff.

## PARTIES

2.

Pizza Pack LLC is a limited liability company organized and existing under the laws of the State of Oregon since June 2022, having a principal place of business in Oregon. Plaintiff manufactures, distributes, and sells food related items such as collapsible pizza containers, cheese choppers, and pizza cutters nationally and internationally under its own company name and rebranded as others. Much of Plaintiff's sales are through Amazon and other internet sites.

3.

On information and belief, Target Corporation is a corporation organized and existing under the laws of the State of Minnesota. Target Corporation is a mass market retail company operating large-scale food and general-merchandise stores nationally including, but not limited to, in the State of Oregon.

## JURISDICTION

4.

This Court has subject matter jurisdiction (federal question jurisdiction) of the claims asserted herein under 15 U.S.C. §1121 (actions arising under the Lanham Act), 28 U.S.C. §1331, 1338(a) (acts of Congress relating to trademarks), 28 U.S.C. §1338(b) (pendent jurisdiction over the claims arising under state law), 28 U.S.C. §1367(a) (supplemental jurisdiction over State claims) and 35 U.S.C. §1 *et seq.* (actions arising under the Patent Laws of the United States).

5.

This Court has in personal jurisdiction over Defendant by virtue of the facts that upon

information and belief: (a) Defendant has regularly solicited business and sold products in this state through "brick and mortar" stores and a website, thus transacting substantial business within Oregon; (b) Defendant has damaged the Plaintiff in this District; (c) Defendant directed its sales activities to others that distribute Defendant's products to Oregon; and/or (d) Defendant has otherwise systematic and continuous contacts with the State of Oregon and has purposefully availed itself the privilege of conducting activities in Oregon by conducting business transactions in Oregon including presence within the state and sales of products to residents of Oregon.

## VENUE

6.

Venue is proper in this Court under 28 U.S.C. §§ 1391(d) and 1400(b) for the same reasons. A substantial part of the acts, events and omissions giving rise to the claims asserted in this action may have occurred within this Judicial District. Additionally, venue is proper because Defendant or its agent resides in or may be found in the State of Oregon and/or Defendant has regular and established places of business in the State of Oregon. Furthermore, venue is proper because the headquarters for the Plaintiff is in Aurora, Oregon and many of the key documents and witnesses are located here.

## FACTS COMMON TO ALL COUNTS

### Plaintiff's Patented Pizza Storage Container

7.

Plaintiff has five granted US Patents on their Pizza Pack with two additional patents currently pending on variations thereof, and on separate components. These issued patents grant Plaintiff the exclusive right to import, make, use, sell and offer to sell their Pizza Pack and exclude others from doing so.

8.

Three of Plaintiff's issued U.S. Patents are 11,661,260, 11,738,935, and D1,034,109. U.S.11,661,260 is currently in reissue proceedings as it undergoes a broadening reissue to remove its gasket. (Exhibits 1 – 3)  Figure 1 of U.S. Patent No. 11,661,260 is shown below and is an identical copy of the Pizza Pack Plaintiff developed, marketed and currently sells.



**Plaintiff's Trade Dress**

9.

Plaintiff's "Pizza Pack" trade dress consists of the several characteristics of its overall visual appearance that signify the source of the product to consumers. These include: the rounded corner triangular body, the nested three level expandable side wall configuration, the removable the light gray rigid seal ring, the clear lid, the triangular vent cap, the three grey triangular serving platers with tabs, the four hinged locking wings and the double lock tabs on each of the locking wings. Plaintiff owns U.S. design patent D1,034,109 on their clear plastic lid. Figure 1 of U.S. Patent No. D1,034,109 is shown below. The photos below are true images of Plaintiff's Pizza Pack body and lid.



  

10.

Since their date of first introduction, and since long prior to the acts of Defendant complained of herein, Plaintiff adopted an inherently distinctive and non-functional trade dress for the Pizza Pack. The unique appearance of the Pizza Pack Trade Dress results from a combination of the unique look described and shown in the photos above. No other pizza storage container past or present, has an appearance that even remotely resembles the Pizza Pack's Trade Dress.

**Page 6 –FIRST AMENDED COMPLAINT**

11.

Since at least as early as late 2020 and long prior to the acts of Defendant complained of herein, Plaintiff has continuously and exclusively used the Pizza Pack Trade Dress in connection with the advertising, promotion and sale of its pizza storage container. Plaintiff's Pizza Pack has been extensively shipped, distributed and sold in interstate commerce throughout the United States, including in the District of Oregon.

12.

Since long prior to the acts of Defendant complained of herein, Plaintiff has extensively and widely advertised and promoted its Pizza Pack through numerous forms of media including, without limitation, television and over the Internet at both Amazon.com and its own popular website.

13.

As a result of the aforesaid advertising, promotion, sales and media attention, and as well as the excellence and craftsmanship of the products, the Pizza Pack Trade Dress, has become famous and is recognized and relied upon by consumers as exclusively identifying the products of Plaintiff and distinguishing those products from the products of others. The distinctive Pizza Pack Trade Dress, including its colors, has come to represent an extremely valuable reputation and goodwill worth many millions of dollars and belonging exclusively to Plaintiff.

### Defendant's Pizza Storage Containers

14.

Set forth below are photographs of two of Defendant's pizza storage containers that were purchased from one of the Defendant's stores or available for purchase online. Mere visual inspection shows their striking visual resemblances to drawings of the Plaintiff's patents and Plaintiff's actual Pizza Pack.

Page 7 –FIRST AMENDED COMPLAINT

 

 

15.

Defendant also advertises and sells their pizza storage containers via their online website www.target.com. Their online website shows or has shown the following pages:



**Defendant's Pizza Storage Container Trade Dress**

16.

Looking at the following photographs of both of Defendant's expandable pizza storage containers sold in their stores (left and below), adjacent a photograph of Plaintiff's Pizza Pack (right) shows that they each embody all Plaintiff's trade dress including the rounded corner triangular body, the nested three level expandable side wall configuration, the removable the light gray rigid seal ring, the clear lid, the triangular vent cap, the three grey triangular serving platers, the four hinged locking wings and the double lock tabs on each of the locking wings.

 



**Defendant's Unlawful Conduct**

17.

Upon information and belief, Defendant knows and has known since before the acts complained of herein, of the vast amount of intellectual property that Plaintiff has surrounded its Pizza Pack with to protect its novelty and Plaintiff's hard work and investment. This includes Plaintiff's four issued patents, and the unique appearance of Plaintiff's Pizza Pack that establishes Plaintiff's Trade Dress that the public recognizes and relies upon as identifying Plaintiff's Pizza Pack and distinguishing Plaintiff's products from the products of others.

18.

Notwithstanding Defendant's prior knowledge and indeed by reason of such knowledge, Defendant upon information and belief, recently set upon a scheme and course of conduct to misappropriate Plaintiff's rights in the Pizza Pack Patents and Pizza Pack Trade Dress so as to deceive the public into believing that Defendant's goods are Plaintiff's goods, by importing distributing, selling, offering for sale, promoting and advertising pizza storage containers which closely copies and imitates the appearance of Plaintiff's design patent, infringes its utility patents, and violates its Trade Dress. Photographs showing the imitation Pizza Packs sold by Defendant can be seen above in paragraphs 14, 15 and 16.

19.

Upon information and belief, Defendant is distributing, selling, offering for sale, promoting and advertising its various pizza storage containers bearing exact imitations of Plaintiff's patented Pizza Pack and Plaintiff's Pizza Pack's Trade Dress with the deliberate and calculated intent to trade on the enormous goodwill and reputation symbolized by the Pizza Pack Trade Dress so as to confuse and mislead the public into believing that Defendant's pizza storage containers are the same or come from the same source as Plaintiff's products or have been

sponsored, approved or connected with Plaintiff.

23.

Defendant's various pizza storage containers so closely simulate and imitate Plaintiff's Pizza Pack Trade Dress as to be likely to cause confusion and mistake and to deceive and to make the public to believe that Defendant's products are Plaintiff's products, or have been sponsored, approved or somehow connected with Plaintiff, with consequent injury to Plaintiff and to the public.

24.

Defendant's simulation and imitation of Plaintiff's Pizza Pack Trade Dress constitutes the use of false designations of origin and false and misleading representations as to the source of the products sold, distributed and offered for sale by Defendant and is likely to cause confusion among consumers and to cause them to mistakenly believe that Defendant's pizza storage containers are Plaintiff's Pizza Packs or are approved, endorsed, affiliated or sponsored by or associated or connected with Plaintiff.

26.

Upon information and belief, Defendant has caused its goods to be sold, distributed and offered for sale in interstate commerce with the intent to cause confusion and deception of the public, and with knowledge and intent to profit unfairly from Plaintiff's reputation and goodwill associated with Plaintiff's Pizza Pack's Trade Dress and Patents.

27.

Because of Defendant's actions, Plaintiff has been damaged and is likely to be further damaged by the use of such false designations and false and misleading descriptions and representations in that the purchasing public is likely to be induced into purchasing Defendant's goods or receiving and using those goods in the erroneous belief that they are Plaintiff's goods or

that Defendant's goods are endorsed by Plaintiff, or are sponsored by Plaintiff, or are approved or connected in some way with Plaintiff, or possess the advantages, benefits and quality of Plaintiff's goods.

28.

Upon information and belief, Defendant has willfully and intentionally infringed Plaintiff's Pizza Pack Patent rights, and violated Plaintiff's Pizza Pack Trade Dress all with the intention of passing off its goods or services as the, goods services of Plaintiff; causing likelihood of confusion or of misunderstanding as to the source, sponsorship or approval, of Plaintiff's goods; and of causing likelihood of confusion or of misunderstanding as to affiliation, connection, or association with, or certification by, Plaintiff.

29.

Upon information and belief, Defendant has advertised and sold various pizza storage containers that violate Plaintiff's above listed intellectual property rights, in interstate commerce to consumers in both their "brick and mortar" stores and their online store with full knowledge that these goods were intended to be made available to and purchased by Defendant's customers in all states serviced by the online store.

30.

Plaintiff has not authorized Defendant to import, make, use sell or offer for sale any pizza container that embodies the claims of any of Plaintiff's patents. Plaintiff has not authorized Defendant to sell any pizza container that embodies the distinctive trade dress of Plaintiff's Pizza Pack.

31.

Upon information and belief, Defendant has controlled and directed all activities of Defendant as alleged herein.

**Page 13 –FIRST AMENDED COMPLAINT**

## FIRST CLAIM FOR RELIEF

## PATENT INFRINGEMENT

32.

Plaintiff realleges each and every allegation of paragraphs 1 through 31 as though fully set forth herein.

33.

U.S. Patent Nos. 11,661,260, 11,738,935 and D1,034,109 were duly and legally issued and assigned to Plaintiff, who since that date, has been and still is the owner of these patents. Copies of these Patents are attached hereto as Exhibits 1 – 3.

34.

Defendant has been and still is directly infringing these patents by, upon information and belief, importing, making, selling, offering for sale and using certain pizza storage containers that incorporate the invention disclosed in these Patents, including, without limitation, the Defendant's pizza storage container shown below and as a result of such infringement Plaintiff has suffered and continues to suffer damages in an amount to be proven at trial.



35.

Defendant's aforesaid acts have caused and will continue to cause great and irreparable injury to Plaintiff, in both reputation and lost sales, and unless such acts are restrained by this Court, such acts will continue, and Plaintiff will continue to suffer great and irreparable injury.

## SECOND CLAIM FOR RELIEF

## TRADE DRESS

44.

Plaintiff realleges paragraphs 1 through 31 as though fully set forth herein.

45.

When designing and manufacturing the Pizza Pack, Plaintiff adopted a particular dress and combination of features to produce a particular visual appearance for the purpose of presenting its goods to the public.

46.

Defendant has attempted to imitate Plaintiff's particular dress, design and combination of features, as they pertain to its various pizza storage containers in such a way as to mislead the public.

47.

The multiplicity of similarities between Plaintiff's patent Pizza Pack and the various pizza storage containers produced and manufactured by Defendant evidence a conscious intent by Defendant to imitate and copy Plaintiff.

48.

Defendant's actions are intended and/or operate to confuse the consumer.

49.

Plaintiff's sale of its own Pizza Pack and derivative works thereof is prejudiced by

Defendant's imitation and copying of Plaintiff, all to the Plaintiff's irreparable damage in an amount to be proven at trial.

50.

Defendant's aforesaid acts have caused and will continue to cause great and irreparable injury to Plaintiff, in both reputation and lost sales, and unless such acts are restrained by this Court, such acts will continue and Plaintiff will continue to suffer great and irreparable injury.

## COUNT THREE

## UNLAWFUL TRADE PRACTICES

## (MISAPPROPRIATION/UNJUST ENRICHMENT)

49.

Plaintiff realleges paragraphs 1 through 31 as though fully set forth herein.

50.

Defendant received the benefit of the significant time, marketing and effort expended by Plaintiff to create and develop the Pizza Pack product, goodwill and market.

51.

Defendant knowingly and intentionally misappropriated/copied every patented aspect of the Pizza Pack, and blatantly misappropriated/copied every single aspect of the trade dress associated with Plaintiff's distinctive Pizza Pack presentation of its patented invention. In doing so Defendant has violated the following prohibitions of ORS 646.608 in one or more of the following particulars:

(a) Passing off its goods or services as the goods services of Plaintiff;

(b) Causing likelihood of confusion or of misunderstanding as to the source, sponsorship or approval of Plaintiff's goods; and

(c) Causing likelihood of confusion or of misunderstanding as to affiliation, connection, or

association with or certification by Plaintiff.

52.

As a result of Defendant's foregoing conduct, Plaintiff has suffered damages in an amount to be proven at trial.

53.

It would be unjust to allow Defendant to retain the above-mentioned wrongfully obtained benefits and Defendant should be ordered to disgorge the benefits he has obtained.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests and prays that this Court enter judgment in its favor against Defendant and grant the following relief:

A. A judgment declaring that Defendant's conduct has:

- infringed, actively induced others to infringe, and/or contributorily infringed at least one of the claims of the 11,661,260, 11,738,935 and D1,034,109 patents in violation of 35 U.S.C. § 271(a), (b) and/or (c), or under the Doctrine of Equivalents;

- infringed the "Pizza Pack's" trade dress in violation of 15 U.S.C. § 1125(a)(1)(B);

- misappropriated the "Pizza Pack's" trade dress in violation of 15 U.S.C. § 1125(a)(1)(B);

- engaged in unfair business practices in violation of ORS 646.638(b);

- resulted in the unjust enrichment of Defendant

B. A judgment that Defendant's conduct with regard to the infringements of the claims of the 11,661,260, 11,738,935and D1,034,109 patents and the infringement of the "Pizza Pack's" trade dress have been willful and wanton;

Page 17 –FIRST AMENDED COMPLAINT

C. Immediately and permanently enjoining Defendant, its officers, directors, agents, servants, employees, representatives, attorneys, related companies, successors, assigns and all others in active concert or participation with it, from any further acts of infringement, of the 11,661,260, 11,738,935 and D1,034,109 patents or the trade dress of the "Pizza Pack";

D. An order and judgment requiring Defendant to deliver to Plaintiff for destruction of Defendant's various pizza storage containers or any product that is the same or identical to the "Pizza Pack" and all equipment, tooling or other means of making the "Pizza Pack", and that Defendant be required to recall all such products that it has delivered, shipped or otherwise provided to any distributors, retailers or third parties and refund any monies paid for such products;

E. An order pursuant to 35 U.S.C. § 284, awarding Plaintiff damages adequate to compensate Plaintiff for Defendant's unlawful conduct as outline above, in an amount to be proven at trial,

F. An order pursuant to 35 U.S.C. § 284, and 15 U.S.C. § 1117 and based on Defendant's willful and wanton infringements of the 11,661,260, 11,738,935 and D1,034,109 patents and infringement of the "Pizza Pack's" trade dress rights, trebling all damages awarded to Plaintiff, and also that this case be adjudged and decreed exceptional under 35 U.S.C. § 285. Plaintiff therefore specifically requests that the Court increase its damage award by a factor of three and award Plaintiff its reasonable attorney's fees, expenses and costs in this action;

G. That Defendant be required to account to Plaintiff for all of Defendant's profits as a result of its willful and wanton acts of patent infringement, trade dress, misappropriation/unjust enrichment.

H. That Defendant be required to pay damages pursuant to ORS 646.638 adequate to compensate for the damages of the misappropriation including both the actual loss caused by

**Page 18 –FIRST AMENDED COMPLAINT**

misappropriation, and the unjust enrichment caused by misappropriation and punitive damages as the Court may provide.

    I.    That Defendant be required to file with the Court within thirty (30) days after entry of final judgment in this case, a written statement under oath setting fourth the manner in which Defendant has complied with the final judgment;

    J.    An order, pursuant to 35 U.S.C. § 284, awarding to Plaintiff's pre-judgment interest on the damages and their costs incurred in this action; and

    K.    Awarding Plaintiff such other relief as the Court may deem just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury of all claims where it is so entitled, pursuant to FRCP 38(b).

DATED this 19th day of December, 2024.

HITT HILLER MONFILS WILLIAMS LLP

/s/Stephen P McCarthy
Stephen P McCarthy, OSB # 894152

MARK S. HUBERT, PC

/s/Mark S. Hubert
Mark S. Hubert, OSB # 982561

*Attorneys for Plaintiff*

Page 19 – FIRST AMENDED COMPLAINT